IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARK WATSON,

    Petitioner,

v.     CASE NO. 1:06-cv-00215-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Mark Watson. Petitioner has paid the filing fee. The original petition is dated October 5, 2006.

Petitioner was convicted of sexual battery and false imprisonment and sentenced to life imprisonment. He appealed, and his conviction and sentence were affirmed on November 18, 2003. *Watson v. State*, 861 So.2d 30 (Fla. D. Ct. App. 2003). That decision became final ninety days thereafter, or February 18, 2004. *Nix. v. Secretary for Department of Corrections*, 393 F.3d 1235 (11th Cir. 2004). On March 17, 2005, Petitioner filed a "Petitioner Alleging Ineffective Assistance of Appellate Counsel" with the state court of appeal. Doc. 1 at 2. It was denied on the merits on April 26, 2005. *Watson v. State*, 900 So.2d 704 (Fla. D. Ct. App. 2005). He filed a Rule 3.850 motion for post-conviction relief on May 16, 2005. Doc. 1 at 41. That motion was denied, and Petitioner appealed. *Id.* The appellate court affirmed and denied rehearing on

September 28, 2006.

From the date that Petitioner's conviction became final, he had one year to seek federal habeas review of his conviction, or February 18, 2005. 28 U.S.C. §2244(d)(1)(A). As the instant petition was not filed until October 5, 2006, over seventeen months out of time, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed either post-conviction motion in state court on March 17, 2005, and on May 16, 2005, and the filing of those motions could not toll a statute of limitations that had already expired. It is of no consequence that the State statute allows a prisoner two years to seek post-conviction relief, as he has only one year to seek relief in this Court.

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH**

**PREJUDICE**.

      **IN CHAMBERS** at Gainesville, Florida, this **31st** day of October, 2006.

                **s/ A. KORNBLUM**
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

      **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**