### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

MARK WATSON,

      Petitioner,

v.                                                  **CASE NO. 1:06-cv-00215-MP-AK**

JAMES MCDONOUGH,

      Respondent.

_____/

### O R D E R

This matter is before the Court on Doc. 7, Report and Recommendations of the Magistrate Judge,  recommending that the petition for writ of habeas corpus be denied as untimely, and that this case be dismissed with prejudice.  The Magistrate Judge filed the Report and Recommendation on Tuesday, October 31, 2006.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Petitioner's conviction and sentence were affirmed on November 18, 2003, and he filed the instant petition on October 5, 2006.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner had one year from the date his conviction became final in which to apply for a writ of habeas corpus.  28 U.S.C. §2244(d)(1)(A).  However, excluded from this period would be the time during which an application for state collateral review is pending; that is, until final resolution of state post-conviction proceedings.  28 U.S.C. §2244(d)(2).  Although Petitioner sought post-conviction relief in state court, the Court agrees with the Magistrate that this does not toll the statute of limitations since such relief was sought after the

time for filing a habeas petition had already expired.

Petitioner raises three objections.  First, he contends that the Magistrate incorrectly calculated the timeliness of his petition, which began the calculation at the time Petitioner's conviction and sentence were affirmed.  Petitioner states that the time in which he filed a motion for rehearing should have been tolled in the Magistrate's calculation.  The Court agrees, and finds that the statute of limitations should have begun to run ninety days after Petitioner's motion for rehearing was denied on December 15, 2003.  See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002).  On this point the Magistrate's report is rejected.  However, the Court disagrees with Petitioner that the calculation should begin when he received notice of the denial, as this is not the date when the state judgment became final.  Therefore, the statute of limitation began to run on March 15, 2004.  When Petitioner began seeking post-conviction relief in state court on March 17, 2005, the statute of limitations under AEDPA had already expired.

Also, Petitioner asserts that the instant petition is timely under the doctrine of equitable tolling.  Supported by an attached affidavit, Petitioner's argument is that he was placed in confinement from February 14, 2005, to February 25, 2005, during which he was allegedly denied access to legal materials and rough drafts of his habeas petition.  Although these dates lie at the end of the AEDPA statute of limitation, the Court finds no reason to equitably toll them since the instant petition was not filed until October 5, 2006.  Finally, Petitioner recasts his first objection, stating that his judgment was pending until the issuance of the mandate on December 31, 2003, and then for ninety days following in which to seek certiorari.  Under Eleventh Circuit precedent, that is not the date used for such calculations.  See id.

Because the statute of limitations has expired, the petition for writ of habeas corpus must

be denied.  Therefore, having considered the Report and Recommendation, I have determined

that the Report and Recommendation should be adopted as modified.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The Magistrate Judge's Report and Recommendation is rejected in part and
        adopted and incorporated in part by reference in this order.

2.      Petitioner Watson's petition for writ of habeas corpus, Doc. 1, is denied as
        untimely, and this case is dismissed with prejudice.

**DONE AND ORDERED** this   *22nd* day of December, 2006

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge